FRANK CARTER v. PAUL L. BOOKER'S EX'R.

**Trustee—Executor, Duties of.**

> Where one was appointed as executor and also as trustee of some of the legatees, it became his duty as executor to ascertain the amount of the bequest to himself as trustee, and having done so it was his duty thereafter to hold that sum as trustee, and for a breach of such duty he and his estate are answerable, and a demand against him or his estate for such trust money is not a claim against the estate from which it came.

APPEAL FROM WASHINGTON CIRCUIT COURT.

June 20, 1877.

OPINION BY JUDGE COFER:

This suit is not in any proper sense a suit to settle the estate of Talbott. It is not against his personal representative, and the claim

asserted is not against his estate. The object is to recover from Booker's estate money which came to his hands as trustee for Mrs. Denny and her children.

It may be necessary to settle his accounts as executor to ascertain how much money he received as trustee, but that will be a mere incident growing out of the origin of the claim, and does not affect its nature or convert it into a claim against Talbott's estate. If, instead of having been the executor, Booker had been trustee only, and had been sued for negligently failing to collect the fund, the same necessity to settle Talbott's estate might have arisen; yet in that case it would hardly have been contended that it was a suit to settle Talbott's estate.

The error into which the court has fallen seems, from the argument of appellee's counsel, to have resulted from a failure to observe the character in which it is sought to charge Booker. He qualified as the personal representative of Talbott in 1833. He was both executor and trustee. It was his duty as executor to ascertain the amount of the bequest to himself as trustee for Mrs. Denny and her children, and having done so it was his duty thereafter to hold that sum as trustee, and it is for a breach of his duty as trustee that the appellant seeks to recover, and his demand is therefore a personal demand against Booker's estate, and the only reason for looking into his accounts as executor is to ascertain the extent of his individual liability.

As a creditor of Booker's estate, the appellant had a right to institute a suit for its settlement, and suit was properly brought in Washington county.

Judgment *reversed* and cause remanded with directions to overrule the demurrer.

*C. S. Hill, for appellant. Ham Pope, J. S. Ray, for appellee.*